UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-128-JBC

DUBLIN EYE ASSOCIATES, P.C., ET AL.,            PLAINTIFFS,

V.            **MEMORANDUM OPINION AND ORDER**

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, ET AL.,            DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Massachusetts Mutual Life Insurance Company's motion to dismiss state law claims (R. 19) and Dublin Eye Associates' motion for leave to file a verified amended complaint (R. 22). The court, for the reasons described below, will grant Mass Mutual's motion and grant in part and deny in part Dublin Eye's motion.

Mass Mutual moved the court to dismiss Count I and Count III of Dublin Eye's complaint, asserting that Dublin Eye's state law claims for fraud, unjust enrichment, and punitive damages are pre-empted by the Employee Retirement Income Security Act. Dublin Eye moved for leave to file a verified amended complaint which omits the state law fraud and unjust enrichment claims, and clarifies that Dublin Eye's breach of fiduciary duty claim is intended to be made under Section 404(a) of ERISA, 29 U.S.C. §§ 1104, 1105, 1106, and 1132. In its proffered amended complaint, Dublin Eye also asserts additional causes of action against each defendant under the Kentucky Insurance Code, 25 Ky. Rev. Stat.

Ann. § 304.1-010 *et seq*. and claims against additional defendants arising out of the same events. Mass Mutual objected to the addition of claims under the Kentucky Insurance code, asserting that those claims are also pre-empted by ERISA, but did not otherwise object to the court granting Dublin Eye permission to amend.

Mass Mutual and Dublin Eye agree that the state law claims asserted in Count I and Count III of Dublin Eye's original complaint for fraud and unjust enrichment are pre-empted by ERISA. Furthermore, in its proposed amended complaint, Dublin Eye has clarified its breach of fiduciary duty claim as arising under ERISA rather than state law. The only remaining issue from Mass Mutual's motion is whether ERISA pre-empts state law punitive damages. Dublin Eye neither argued nor explicitly conceded the issue of punitive damages; however, in its proposed amended complaint, Dublin Eye omitted the paragraph stating it is entitled to punitive damages for Mass Mutual's alleged breach of fiduciary duties, but included punitive damages in its prayer for judgment. As ERISA does not provide for punitive damages to individuals or trustees as a remedy for breach of fiduciary duty claims and pre-empts state law punitive damages claims for ERISA violations, *see* ERISA § 409(a), 29 U.S.C. § 1132 (2006); *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985), the court will dismiss Dublin Eye's claims for punitive damages stemming from alleged breach of fiduciary duty under ERISA.

ERISA does not pre-empt Dublin Eye's claims under the Kentucky Insurance Act. Though ERISA's pre-emption provision is construed broadly, *see Briscoe v. Fine*, 444 F.3d 478, 497 (6th Cir. 2006) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004)), its savings clause exempts from pre-emption any state law that regulates insurance, banking, or securities. *See* ERISA § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A); *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 333 (2003). Dublin Eye has asserted claims under multiple sections of the Kentucky Insurance Code, including but not limited to KRS §§ 304.14-080, 304.12, 304.14-090, and 304.14-230. Specifically, Dublin Eye claims that Mass Mutual and the other defendants made material misstatements and omissions of fact regarding the policies issued and premiums collected; fraudulently induced the plan participants to apply for and pay for unauthorized policies; forged plan signatures; falsely witnessed applications; lied to or concealed from plan participants the extent and nature of their policies; failed to deliver the policies to plan trustees or participants; allowed plan premiums to exceed allowable percentages; and collected premiums for unauthorized policies.

To the extent these claims are valid under the Kentucky Insurance Code, they are not pre-empted by ERISA because the statutes cited by Dublin Eye from the Kentucky Insurance Code are specifically directed toward entities engaged in insurance and substantially affect the risk-pooling arrangement between the insurer and insured. *See Miller* at 342. Dublin Eye's claims are made under laws that

3

specifically regulate the insurance industry with regard to the creation and performance of insurance policies, not "laws of general application that have some bearing on insurers." *See Miller* at 334; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50 (1987). Under this "common sense" inquiry, *see UNUM Life Ins. of America v. Ward*, 526 U.S. 358 (1999), the cited provisions of the Kentucky Insurance Code are specifically directed toward entities engaged in insurance. The provisions here also substantially affect the risk-pooling arrangement between the insurer and insured. They dictate the method by which consent to enter into an insurance contract may be obtained, require an insured to be made aware of the terms of that contract through actual receipt, and prohibit alteration of the terms of that contract. In doing so, they regulate and protect the bargain struck between the insurer and the insured. *See Miller* at 338-339. As the *Miller* court iterated, the second prong of this test "requires only that the state law substantially affect the risk pooling arrangement; it does not require that the state law actually spread risk." *Id*. at 339 n. 3. The provisions here dictate the conditions under which an insurance contract may be deemed valid, *id*., and thereby affect the risk-pooling arrangement. The claims in Count II of the amended complaint, to the extent they are valid under Kentucky law, are not pre-empted by ERISA. As Mass Mutual has not otherwise objected to Dublin Eye's proffered amended complaint, the court will grant Dublin Eye leave to amend. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss state law claims (R. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for leave to file a verified amended complaint (R. 22) is **GRANTED IN PART** and **DENIED IN PART**. Dublin Eye shall be permitted to file the verified amended complaint, but shall within 10 days of the entry of this order file a second verified amended complaint consistent with the court's opinion, removing all claims for punitive damages under Count I.

Signed on August 31, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY