UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-128-KSF

DUBLIN EYE ASSOCIATES, P.C., et al.                                                           PLAINTIFFS

vs.                                              **OPINION AND ORDER**

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, et al.                                                                     DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the objections of Defendants ("Mass Mutual") to the discovery order entered by Magistrate Judge Atkins on November 9, 2012 ("Order") [DE 167]. For the reasons discussed below, the objections will be overruled.

I.   BACKGROUND

On February 16, 2012, Plaintiffs requested detailed information regarding the nature of services that Mass Mutual provided to them during the Relevant Time Period and for a production of documents relating to the products sold to Plaintiffs. Interrogatory No. 1; Requests for Production 1, 14, 20; DE 175-4. Mass Mutual provided a misleadingly narrow response to the Interrogatory indicating they sold only whole life insurance policies to Plaintiffs. It subsequently refused to produce documents regarding services other than whole life policies claiming, first, that there had been no formal request and, later, that the additional information and documents requested were not relevant to Plaintiffs' claims.

Despite efforts over several months to resolve this dispute through correspondence and otherwise, Plaintiffs were unsuccessful and were authorized to file a motion to compel. Following full briefing, Magistrate Judge Atkins granted the motion to compel on November 9, 2012, finding that the requested information was relevant and discoverable. He ordered the discovery responses to be filed by November 27, 2012. DE 167. On November 21, 2012, Mass Mutual moved for

reconsideration of the Order and a stay of enforcement, along with objections. DE 175, 176. In the objections, Mass Mutual argued the discovery was improperly being sought so that Plaintiffs could "reformulate their claims against Defendants to include theories not formerly pled." DE 175, p. 2. Mass Mutual further claimed the Order was clearly erroneous for referencing Mass Mutual's fiduciary status, when that issue had not been presented to the Magistrate Judge. *Id.* at 4-5.

On November 27, 2012, Magistrate Judge Atkins granted the motion to stay enforcement pending a ruling by this Court on Mass Mutual's objections, but denied the motion to reconsider. DE 179. He noted that his "[r]eferences to ERISA were to simply lend further support to the Court's decision, rendering the ERISA fiduciary analysis dicta and not controlling on any future rulings or issues in the case." *Id.* at 2.

## II.  ANALYSIS

Pursuant to Fed. R. Civ. P. 72(a), a district judge "must consider timely objections and modify or set aside any part of the [magistrate judge's nondispositive] order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) ("A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of § 636(b)(1)(A))." This standard of review is a limited one. *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

> Under the clearly erroneous standard, a court reviewing a magistrate judge's order should not ask whether the finding is the best or the only conclusion that can be drawn from the evidence. Further, this standard does not permit the reviewing court to substitute its own conclusion for that of the magistrate judge. Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable.

*Brownlow v. General Motors Corp.*, No. 3:05CV414, 2007 WL 2712925 at *3 (W.D. Ky. Sept. 13, 2007), citing *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

  Mass Mutual has failed to show that Magistrate Judge Atkins' Order was clearly erroneous or contrary to law. The Order is unquestionably supported by the evidence and the Federal Rules of Civil Procedure. Plaintiffs' Second Verified Amended Complaint filed June 1, 2012 specifically references "policies and/or annuities" at least four times. DE 67, ¶¶ 44(a), 44(b), 44(c), 46. The damages sought as a result include "compensatory and equitable damages arising from violations of ERISA," as the Order notes. DE 167, p. 2, DE 67, p. 14, ¶ A. Paragraph 19 of the Complaint also mentions "mutual funds and life insurance policies." Mass Mutual's argument that "the allegations in the Second Verified Amendment [sic] Complaint are limited to the sale, issuance, and administration of numerous whole life insurance policies to the Plan" is simply not true. *See e.g.* DE 175-1, p. 3

  Moreover, this issue has been bouncing around for a while. Plaintiffs' February 16, 2012, Request for Production No. 20 asks for an "annualized performance report showing the change in net asset value with respect to each Mass Mutual Fund or Annuity Fund made available to the Plaintiffs during the Relevant Time Period...." DE 193-1, p. 31; DE 167, p. 4. Plaintiffs' second set of discovery requests served July 25, 2012 "specifically requested documentation 'relating to any mutual funds or non-life insurance investments.'" DE 134-1, p. 31; DE 167, p. 3. Meanwhile, Plaintiffs had been corresponding with Mass Mutual regarding these documents and others not being provided and emphasizing they were needed before depositions could proceed. DE 193, Exs. E-H. Magistrate Judge Atkins correctly concluded that the "Plaintiffs' Second Verified Complaint is broad enough to allow discovery of information regarding the annuities and mutual funds issued by Mass Mutual." DE 167, p. 6. The discovery is relevant to claims in the current

complaint and is reasonable. Fed. R. Civ. P. 26(b). Mass Mutual has not presented any facts or law demonstrating the Order is clearly erroneous or contrary to law.

Mass Mutual's objections focus primarily on their general theme that Plaintiffs keep changing their theories and "have created a moving target for Defendants to seek to capture" with "no end in sight." DE 175-1, p. 4. They argue the motion to compel was "another belated attempt by Plaintiffs to expand their claims against Defendants" after ten months of discovery and multiple depositions. *Id.* To the contrary, the record demonstrates that Plaintiffs have been unable to obtain information they requested nearly a year ago. Additionally, if all facts were required to be known at the outset of the case, there would never be a need for discovery. Plaintiffs' motion to file the Second Verified Amended Complaint was granted [DE 65], and it is the operative complaint at this time. The discovery ordered by Magistrate Judge Atkins is long overdue and should be produced immediately.

Mass Mutual further objects that the Order should not have mentioned that Mass Mutual was a fiduciary under the Plan. DE 175-1, pp. 22-28. Magistrate Judge Atkins agreed that his analysis was "dicta and not controlling on any future rulings or issues in this case." DE 179, p. 2. It does not appear necessary to say any more on this subject, but in the interest of clarity, this Court holds that no decision has been made at this time on the legal question of whether Mass Mutual was or was not a fiduciary.

### III. CONCLUSION

**IT IS ORDERED** that Defendants' Objections [DE 175] to Magistrate Judge Atkins' Order dated November 9, 2012 are **OVERRULED**, and Defendants shall produce the requested discovery in compliance with that Order **no later than January 31, 2013**.

This January 17, 2013.



Signed By:

*Karl S. Forester* K S F

**United States Senior Judge**