UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DUBLIN EYE ASSOCIATES, P.C., et al., | ) |
| Plaintiffs, | ) Civil Action No. 5: 11-128-DCR |
| V. | ) |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, et al., | ) **MEMORANDUM ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the plaintiffs' motion for reconsideration pursuant to Rules 60(b)(6) and 62 of the Federal Rules of Civil Procedure. [Record No. 375] The plaintiffs request that the Court reconsider its March 24, 2014, Memorandum Opinion and Order granting the defendants' motions for attorneys' fees.[1] [Record No. 372] For the reasons set forth below, the plaintiffs' motion will be denied.

Under Rule 60, the Court may grant relief from a final judgment due to: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied judgment; and (6) for any other reason that justifies relief. Fed. R. Civ. P. 60(b). Here, the plaintiffs attempt to come within the "catch-all" provision of the rule (*i.e.*, Rule 60(b)(6)). [*See* Record No. 375, p. 1.] The Sixth Circuit has held that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citing *Hopper v. Euclid Manor*

---
[1] On May 19, 2014, this matter was reassigned to the undersigned after the untimely passing of Senior Judge Karl S. Forester and the recusal of Chief Judge Karen K. Caldwell. [Record No. 383]

*Nursing Home, Inc*., 867 F.2d 291, 294 (6th Cir. 1989)). Courts must only apply Rule 60(b)(6) "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *See id.*; *see also United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953) (Rule 60(b)(6) should be used to grant relief in cases of extreme and undue hardship).

Having reviewed the extensive record in this case, including the March 24, 2014, Memorandum Opinion and Order, the undersigned finds no reason to disturb Judge Forester's or Judge Caldwell's rulings. No exceptional circumstances exist that warrant the relief sought. Rather, the plaintiffs are attempting to improperly re-argue matters that have previously been decided. *See Dana Corp v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991) (Motions to reconsider are not designed to give an unhappy litigant another chance to sway the Court.) The fact that the plaintiffs disagree with an adverse ruling hardly renders the circumstances extraordinary. Nor is the Court persuaded by the plaintiffs' arguments that there is a manifest injustice that must be corrected. Therefore, the Court will decline to exercise its discretion to disturb matters already thoughtfully decided. Accordingly, it is hereby

**ORDERED** that the Plaintiffs' motion to reconsider and to set aside the Court's March 24, 2014, Order [Record No. 375] is **DENIED**.

This 9th day of June, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge