UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO.11-128-DCR

DUBLIN EYE ASSOCIATES, P.C., ET AL.,                                PLAINTIFFS,

V.                          RECOMMENDED DISPOSITION

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, ET AL.,                                          DEFENDANTS.

This matter has been assigned to the undersigned to review the Clerk's taxation of costs. [R. 371]. The parties having briefed the issue, and for the reasons set forth below, the Court will recommend that the Plaintiffs' Motion to Review [R. 371] be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The Court will not recite the facts of this complicated and lengthy action, but notes that it has spanned more than three years, and has required the time and resources of multiple lawyers and support staff in their efforts to take depositions of numerous witnesses and parties in various states, draft lengthy briefs addressing issues that relied heavily on the testimony of those witnesses, and litigate every conceivable issue through any available avenue before the Court. For further reference to the facts, the Court will merely incorporate the facts of this action by reference to the Order of July 12, 2013, in which the Court granted the Defendants' motion for summary judgment. [R. 352]. Thereafter, each Plaintiff filed a Bill of Costs. [R. 355, 356, 357]. No objections were filed by the Defendants, and, as a result, the Clerk of Court entered a Taxation of Costs on March 4, 2014, awarding the Defendants, collectively, $119,291.15. [R. 368]. On March 14, 2014, the Plaintiff's filed the instant motion to review the Clerk's Taxation of Costs, taking issue with $41,705.01, of the

award. [R. 378, Ex 1]. Fully briefed, the matter is ripe for review.

## STANDARD

In a word, the present inquiry focuses on whether the costs sought by the prevailing Defendants are both reasonable for the tasks performed, and necessary for the progress of the litigation. More specifically, in a diversity action such as this, an award of costs is governed by Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Huntsville Golf Development, Inc., v. Crindley construction Company, Inc., 2011 U.S. Dist. LEXIS 128395, at 4 (M.D. Tenn., Aug. 4, 2011)(*citing* Williams v. Hevi-Duty Elec. Co., 122 F.R.D. 206, 210 (M.D. Tenn. 1988). Fed.R.Civ.P. 54(d) provides that unless a "federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees- should be allowed to the prevailing party." 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although discretion to award costs rests with the trial court, a presumption exists in favor of such an award. Knology v. Insight Communications co. LP, 460 F.3d 722, 726 (6th Cir. 2006); *see also*, White & White v. Am. Hosp. Supply Corp., 786 F.2d 731-32 (6th Cir. 1986)("The rule

establishes a norm of action: prevailing parties are entitled to their costs as of course. Departures from the rule are permitted; however, 'when rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective.'"). In the face of the presumption of an award, it is then "incumbent on the losing party to overcome such presumption, since the denial of costs is in the nature of a penalty." Huntsville Golf Development, Inc., 2011 U.S. Dist. LEXIS 128395, at *5 (*citing* Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980). A losing party may assert various factors "that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs."Id. at *6(*citing* Knology, 460 F.3d at 726-27). "Factors that should be ignored by a district court when determining whether to exercise its discretion and deny costs include the size of a prevailing party's recovery and the ability of a prevailing party to pay his or her costs. Id. at *7(*citing* White &White, 786 F.2d at 730). "The good faith that a losing party demonstrates in filing, prosecuting or defending an action is a relevant factor that may be considered, but in the absence of other relevant factors is an insufficient basis for denying costs. Id. at *7 (*citing* White &White, 786 F.2d at 731).

Although there is a presumption in favor of an award, that the losing party must overcome, "in seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920" Id. at *8(*citing* Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995). Finally, in making its award, the district court must make factual findings. Id. at *8(*citing* Phelan v. Bell, 8 F.3d 369, 375 (6th Cir. 1993).

3

In light of this legal framework, the Court will undertake its analysis of the various issues presented by the parties, according to the categories of costs they present.

## I. FEES FOR SERVICE OF SUMMONS AND SUBPOENAS

The parties have briefed the issue of fees incurred for service of summons and subpoenas, and agree that the award of fees should be reduced to reflect a maximum allowable fee of $55.00 per service, which results in a reduced award of $55.00 for Mass Mutual, and $165.00 to Thomas Ackerman.

## II. PHOTOCOPYING AND EXEMPLIFICATION

In reviewing the award for photocopying expenses, the Court is aware that "[r]ecoverable costs include 'costs for photocopying documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration.'" Huntsville Golf Development, Inc., 2011 U.S. Dist. LEXIS 128395, at *18, *quoting* Jordan v. Vercoe, 996 F.2d 1452, ***** (6th Cir. 1992). However, "[m]oney spent to copy documents for the litigants own use are not recoverable." Id. at *18, *citing* Freier v. Freier, 98 F.Supp. 710, 713 (E.D. Mich. 1997). In the instant action, the brief summary below sets forth the amounts requested by the Defendants for photocopying, and the reduced amounts awarded by the Clerk of Court.

Massachusetts Mutual Life Insurance Company:
Copies of Case initiating documents received from client:        305.90
Copies for discovery and document production:                  1,443.70
Copies of pleadings:                                              356.40
Copies of documents for depositions and deposition preparations: 7,703.80
Copies of deposition transcript:                                   22.00

4

| | |
|---|---:|
| Amount requested: | 9,831.80 |
| Amount awarded: | 1,443.70 |
| **Amount of reduction:** | **85.4%** |

Thomas Ackerman
| | |
|---|---:|
| Reproductions: | 6,284.62 |
| Color Reproductions: | 57.75 |
| Outside Copy Services: | 1,750.67 |
| Amount requested: | 8,093.04 |
| Amount awarded: | 1,750.67 |
| **Amount of reduction:** | **78.4%** |

Qualified Plan Services, Inc., Catherine Chatfield and Kim Shea:
| | |
|---|---:|
| Outside copy services: | 35.10 |
| Outside copy services: | 123.90 |
| Reproductions: | 5,706.70 |
| Outside copy services (charged at $0.19 per page): | 421.86 |
| Amount requested: | 6,287.56 |
| Amount awarded: | 580.86 |
| **Amount of reduction:** | **90.77%** |

In the instant action, the record reflects an award reduced by the Clerk of Court to reflect his finding that the majority of claimed photocopying expenses appeared to be overhead, or the cost of doing business. [R. 368]. From a review of the pleadings, the Court cannot determine how many copies were for the court or opposing counsel, and counsels' documentation is too vague to determine the exact number of copies reasonable and necessary in the case. Even so, case law supports the reduced award in this case and the Court finds no error in the Clerk's decision to discount the requests for costs made by counsel. *See* Hartford Financial Services Group, Inc., v. Cleveland Public Library, 2007 U.S.Dist. LEXIS 22528, at *8 (N.D. Ohio March 28, 2007)(reducing costs by 30% where the court was unable to determine the exact amount attributable to convenience copies); Aubin Industries, Inc., v. Jeff Smith, 2009 U.S. Dist. LEXIS 55104, *7 (S.D. Ohio June 15, 2009)(denying charges where the court was unable to determine what charges were associated with

5

proper copying costs and what charges were associated with inappropriate costs, such as extra cop[ies for convenience of counsel); J-Way Leasing, LTD v. American Bridge Co., 2010 U.S.Dist LEXIS 19390, at *5 (N.D. Ohio March 4, 2010)("[T}his Court will only deduct 20% from J-Way's request to tax as costs $27,177.94 for 'copies-paper' and 20% from its request to tax as costs $14,670.76 for 'Document Imaging." These deductions account for the Court's estimate of costs attributable to convenience copies and the labeling of exhibits.") Irwin Seating Co. V. International Business Machines Corp., 2008 U.S. Dist. LEXIS 33760 (W.D. Mich. April 24, 2008)(unable to determine from the documentation provided how many copies were for the Court or the opposing party, and how many copies were for the convenience of counsel, the court discounted the request to tax as costs by 40%); Miles Farm supply LLC v. Helena Chemical Co., 2008 U.S. Dist. LEXIS 80902, at *5 (W.D. Ky. 2008 Oct. 10, 2008)(reducing copying costs by 50% because the court could not determine from the documentation provided how many copies were for the court or the opposing party, and how many copies were for the convenience of counsel). Therefore, the Court will not recommend further reduction of the costs awarded by the clerk for photocopying, as the reduced amount awarded is reasonable considering the record and evidence submitted by the parties.

### III. DEPOSITION TRANSCRIPTS

The Plaintiffs take issue with a number of categories of expenses related to the taking of depositions in this case. First, the Plaintiffs claim that the Defendants should not be awarded costs incurred for obtaining extra copies of depositions, instead arguing that they are entitled, at most, to an original and one copy of a deposition. In support of this argument, the Plaintiffs cite the case of SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, No. 1:10-CV-00122, 2013 U.S.

Dist. LEXIS 158242, at *8-9 (W.D. Ky. Nov. 5, 2013). However, as correctly pointed out by the Defendants, SCA does not forbid, and in fact does not discuss, taxing of costs related to extra copies of deposition transcripts. Again, the litmus test for the award in this category of costs is whether the costs are "authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920" Huntsville Golf Development, Inc., 2011 U.S. Dist. LEXIS 128395, at *8, *citing* Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995). In the case at hand, the Defendants contend that due to the numerous discovery disputes brought before the Court that had to be resolved due to the Plaintiffs' frequent challenges of Counsel's conduct, the law and the Court's rulings, the depositions were necessary to the defense, who relied heavily on – and cited extensively – the deposition testimony of Drs. Smith and Jones in the Defendants' Motion for Summary Judgment. [R. 374]. The Defendants' argument on this issue is in fact borne out by the record before the Court, which substantiates the need for extra copies of deposition transcripts in order to allow the Court to rule upon matters presented by the parties so that the case might proceed according to the Court's deadlines. A review of the record in fact establishes that the instant matter has been, and continues to be, highly contentious, where every issue, regardless of its relative importance, has been actively litigated by the parties. Therefore, the Court finds the costs awarded by the Clerk to be reasonable and that the Defendants have met their burden of showing that the costs requested were reasonable and necessary for the progress of the litigation.

## IV. DEPOSITION EXHIBITS

Next, the Plaintiffs take issue with the award of costs for exhibits to depositions, arguing that they are not taxable where a party already the exhibits before taking the depositions. [R. 370, p. 8].

7

The Plaintiffs rely on the case of Miles Farm Supply, LLC v. Helena Chem. Co., 2008 U.S. Dist. LEXIS 80902, *9 (W.D. Ky. Oct. 10, 2008), for the proposition that "[c]opies of deposition exhibits are not taxable costs where the party was already in possession of the exhibits prior to the taking of the depositions." However, in Miles Farm Supply, the Court ultimately found the amount related to deposition exhibits to be taxable, based upon evidence that counsel did not have them previously. The Defendants, however, contend that these costs were reasonable for the defense of this case, and were necessary in order to allow the parties to be certain that documents addressed by a witness during a deposition were in fact the same documents referred to at a later date by the parties before the Court or in briefs. [R. 374, pp. 8-9]. In the case at hand, the Defendants contend that the issue is not whether they had the copies of exhibits prior to the depositions, but that it was a necessary cost incident to the litigation in order to obtain copies of depositions with appropriate copies of the exhibits, suitable for admission into evidence before the Court either at a hearing or upon briefing. The Court finds this position to be reasonable in this matter, as Courts do permit the recovery of costs for deposition exhibits. *See, e.g.*, Cowden v. BNSFRy. Co., No. 4:08-CV-01534, 2014 U.S. Dist. LEXIS 519, at *6-7 (E.D. Mo. Jan. 3, 2014). As the court in Cowden stated, "authenticated deposition exhibits are necessary for use in summary judgment pleadings, which require support with admissible evidence . . . and costs incurred for use in summary judgment proceedings are considered 'necessarily obtained' within the meaning of 28 U.S.C. § 1920." Id. at *7. As a result, the Court will recommend denying the Plaintiffs' motion to review costs for deposition exhibits. Defendants have established that these copies were reasonably necessary to their defense and that they were not obtained merely for the convenience of counsel.

## V. VIDEOTAPING

In their challenge to the award of costs for videotaping depositions, the Plaintiffs acknowledge that costs for videotape related expenses is permissible, but contends that an award of costs in this area is not mandatory. This is correct, as expenses must still be found to be reasonably necessary for the preparation of the Defendants' case in order to be taxable as costs.

> Section 1920 allows for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." This Circuit accords with other circuit and district courts in recognizing that video deposition costs are taxable under § 1920 and that both stenographic transcripts and videotaped depositions, together, may be taxed. *See, e.g.*, BDT Prods., 405 F.3d at 420 *(citing* Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997)) (holding that "videotape depositions are taxable under § 1920" and that "it was proper to tax both the cost of videotaping and transcribing the deposition"); Tilton, 115 F.3d at 1477-78 ("[T]he costs associated with videotaping a deposition are taxable under [§] 1920(2). . . . "[T]he district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions."); Baisden v. I'm Ready Prods., Inc., 793 F. Supp. 2d 970, 978 (S.D. Tex. 2011) (awarding costs for both "videotaped and stenographic [*13] versions of the depositions of [eleven witnesses]" under § 1920(2)); Meredith v. Schreiner Transp., Inc., 814 F. Supp. 1004, 1005-06 (D. Kan. 1993) (awarding costs for both videotaped depositions and stenographic transcripts of those depositions).

Hyland v. HomeServices of Am., Inc., 2013 U.S. Dist LEXIS 158242, at 12-13 (W.D. Ky 2013). In the instant matter, the Defendants have explained that videotaping was conducted as a standard practice as it allows effective impeachment at trial. [R. 374]. The Court finds that the applicable law allows recovery of these costs, and counsel has explained that the costs were reasonable and necessary to the litigation, which is supported by the fact that all parties in this action followed the same procedure of videotaping all depositions. Therefore, the Court will recommend no reduction in the costs for videotaping and videosynching depositions.

9

## VII. MISCELLANEOUS CATEGORIES

Finally, the parties brief a number of issues regarding postage, litigation support, condensed transcripts, expedited transcripts, mileage, travel and meals of court reporters. Both parties point to authority from various courts where these items of costs have been both allowed and disallowed. The overriding concern before the Court is whether the costs were reasonable for the task performed and necessary to meet the demands of the instant matter. Considering the complicated nature of this matter, and the contentious spirit of litigation among the parties, the Defendants' argument on this issue is substantiated by the record before the Court, which documents the need for these additional categories of expenses in order to allow counsel's preparation of numerous pleadings, depositions, hearings and various disputes to be resolved by the Court. With the exception of mileage, travel and meals of court reporters, the Court finds that the remaining categories of costs are properly allowed for the reasons set forth above. As it relates to mileage, travel and meals of court reporters, the Court notes from a review of the record that the Court reporters routinely charge appearance fees. This seems to be a duplicative fee, intended to compensate them for mileage, travel and meals, and while the Court finds nothing wrong with an appearance fee, it declines to award as costs mileage, travel and meals of court reporters. Therefore, the Court will recommend a reduction in the amount of taxable costs of $158.50 awarded in favor of each Defendant in this matter.

## CONCLUSION

Therefore, for the reasons stated herein, the Court will recommend that the Plaintiffs' Motion to Review Costs [R. 370] be GRANTED to the extent that the Clerk's Taxation of Costs be reduced in the following areas:

(1) That the taxable costs awarded to Mass Mutual for the service of a subpoena on Dana Ingrando be reduced from $85.00 to $55.00;

(2) That the taxable costs awarded to Ackerman for service of subpoenas and summons in the amount of $255.00 be reduced to $165.00, and

(3) That the taxable costs awarded to each Defendant be reduced by $158.50, the amount attributed to Court Reporter Mileage, Travel Time and Meals.

In all other respects, it is recommended that the Plaintiffs' Motion to Review Costs [R. 370] be DENIED.

This the 12th day of August, 2014.

Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge