UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DUBLIN EYE ASSOCIATES, P.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 11-128-DCR-EBA |
| | ) | |
| V. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

*** *** *** ***

This matter is pending for consideration of Plaintiffs Dublin Eye Associates, P.C., Dr. Roger D. Smith, and Dr. James Y. Jones' motion to review the Clerk's taxation of costs. [Record No. 370] The motion was referred to United States Magistrate Judge Edward B. Atkins for review and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636. [Record No. 371] On August 12, 2014, the magistrate judge issued his report, recommending that the plaintiffs' motion be granted in part and denied in part. [Record No. 401] After reviewing the Report and Recommendation and having considered the plaintiffs' objections, the Court will grant in part and deny in part the motion to review the Clerk's taxation of costs.

**I.**

As discussed by Magistrate Judge Atkins, the facts of the underline action in this case are complex and lengthy. As a result, the Court incorporates by reference the facts as described in the July 12, 2013 Opinion and Order, in which the Court granted Defendants

Massachusetts Mutual Life Insurance Company ("Mass Mutual"), Thomas Ackerman, Catherine Chatfield, Qualified Plan Services Inc. ("QPS"), and Kimberly Shea's motion for summary judgment. [Record No. 352, pp. 1–3]

Following the Court's decision, the defendants submitted their bills of costs for the Court's review and approval of $132,779.37 in taxable costs.[1] [Record Nos. 355, 356, 357] No objections were made by the plaintiffs. Thereafter, the Clerk of the Court taxed costs on March 4, 2014, totaling $119,291.15.[2] [Record No. 368] The plaintiffs then moved the Court to review the Clerk's decision. [Record No. 370] After the matter was fully briefed, the magistrate judge issued his report, recommending that the costs awarded to the defendants be reduced by a total of $595.50.[3]

**II.**

This Court conducts a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). It "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate." *Id.*

The plaintiffs have made timely objections to the Report and Recommendation. [Record No. 404] Specifically, they argue that all costs awarded to the defendants should be

---

1   Defendant Mass Mutual sought $49,558.85 in costs [Record No. 355]; Defendant Ackerman sought $45,402.57 in costs [Record No. 356]; and Defendants QPS, Chatfield, and Shea collectively sought $37,817.95 in costs. [Record No. 357]

2   The Clerk of the Court denied amounts submitted by the defendants for in-office copies resulting in a total reduction of $13,488.22 from the submitted bills of cost. [Record No. 368]

3   The decrease resulted from a reduction of costs from fees for the service of summons and subpoenas of $120.00. [Record No. 401, p. 4] Further, each defendant's award was reduced by $158.50 for expenses relating to mileage, travel, and meals of court reporters for a total decrease of $475.50. [*Id.*, p. 10]

denied. [*Id.*, at 4–7] In the alternative, they contest fees for exemplification and copies, as well as fees incurred for various deposition expenses. They conclude by asking for a reduction of costs to a total of no more than $80,586.14. [Record Nos. 404, 378-1] The Court has reviewed Magistrate Judge Atkins' Report and Recommendation *de novo* and accepts his conclusions on all issues except the award of costs for shipment of deposition transcripts.

Deposition expenses are generally taxed as costs under 28 U.S.C. § 1920(2). However, numerous courts have found that postage and delivery of depositions are not taxable. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) ("Smith should not have been taxed the delivery costs for these depositions. . . . Section 1920 does not authorize taxing Smith for the defendants' postage and delivery expenses."); *Jones v. Cargill, Inc.*, No. 05-CV-129-LRR, 2007 WL 1582640, at *1 (N.D. Iowa May 31, 2007) ("Postage and delivery expenses for deposition transcripts are not recoverable under § 1920(2)."); *Elabiad v. Trans-West Exp., LLC*, No. 3:03-CV-7452, 2006 WL 1866137, at *2 (N.D. Ohio June 30, 2006) (finding that postage for a deposition is an "overhead" cost not taxable under § 1920). Here, the deposition delivery and postage costs awarded to the defendants totals $1,049.63.[4] In a section of the recommended disposition captioned "Miscellaneous Categories," Magistrate Judge Atkins allowed for these costs stating:

> [c]onsidering the complicated nature of this matter, and the contentious spirit of litigation among the parties, the Defendant's argument on this issue is substantiated by the record before the Court, which documents the need for

---

4  Defendant Mass Mutual was awarded $590.95 [Record No. 355]; Defendant Ackerman was awarded $320.68; [Record No. 356] and Defendants QPS, Chatfield, and Shea were collectively awarded $138.00 in postage expenses. [Record No. 357]

these additional categories of expenses in order to allow counsel's preparation of numerous pleadings, depositions, hearings and various disputes to be resolved by the Court.

[Record No. 401, p. 10] However, as demonstrated above, these costs are not taxable under § 1920 and should be omitted from the costs awarded to the defendants.

Further, postage and handling was awarded for delivering numerous deposition transcripts sent by Todd & Associates Reporting. The Court is unable to ascertain from the record the specific cost of postage and handling because the invoices are unclear. Therefore, the defendants must provide the court with itemized invoices stating the cost of postage and handling relating to these transfers, which will be removed from the bill of cost.

### III.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 401] is **ACCEPTED** and **ADOPTED IN PART** and **REJECTED IN PART** as set forth above.

2. The plaintiffs' objections to the magistrate judge's Report and Recommendation [Record No. 404] are **OVERRULED IN PART** as set forth above.

3. The plaintiffs' motion to review the Clerk's taxation of costs [Record No. 370] is **GRANTED IN PART** and **DENIED IN PART**.

4. The taxable costs awarded to each defendant for shipment of deposition transcripts shall be reduced as follows: $590.95 attributed to Mass Mutual; $320.68 attributed to Ackerman; and $138.00 attributed to QPS, Chatfield, and Shea collectively.

5. The defendants' are directed to provide itemized invoices for depositions shipped by Todd & Associates Reporting within five (5) days of the entry of this Order.

This 9th day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge