UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DUBLIN EYE ASSOCIATES, P.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 11-128-DCR-EBA |
| | ) | |
| V. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 12, 2013, the Court granted summary judgment in favor of Defendants Massachusetts Mutual Life Insurance Company ("Mass Mutual"), Thomas Ackerman, Qualified Plan Services Inc. ("QPS"), Catherine Chatfield, and Kimberly Shea on statute of limitations grounds. [Record No. 352] Subsequently, the defendants' motions for attorneys' fees were granted. [Record No. 372] The decision regarding the amount of fees to be awarded was referred to United States Magistrate Judge Edward B. Atkins for review and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636. Plaintiffs Dublin Eye Associates, P.C., Dr. Roger D. Smith, and Dr. James Y. Jones moved the Court for an evidentiary hearing on this issue. [Record No. 400]

On October 31, 2014, the magistrate judge issued his report, recommending that the plaintiffs' motion for an evidentiary hearing be denied and that attorneys' fees be awarded in the following amounts: Mass Mutual $699,014.60; Ackerman $347,925.90; and QPS, Chatfield, and Shea $211,573.00 plus $5,830.80 for travel costs. [Record No. 414, p. 13]

After reviewing the Report and Recommendation and having considered the parties' objections, the Court will adopt in part and reject in part the magistrate's recommendation.

This Court conducts a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  It "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate."  *Id.* The plaintiffs have made timely objections to the Report and Recommendation.  [Record No. 416]  Initially, an evidentiary hearing regarding the issue of attorneys' fees is requested.  [*Id.*, 10–11]  The plaintiffs argue that the entirety of the attorneys' fees awarded to the defendants should be denied or, in the alternative, that only those hours in pursuit of the statute of limitations defense should be awarded. [*Id.*, pp. 12–14]  Further, the plaintiffs assert that the number of hours "reasonably expended" by the defendants in the case must be significantly reduced because of double-billing, redactions, and various other problems with the defendants' time entries.  [*Id.*, pp. 22–25]  Also, the plaintiffs contend that the magistrate's award of fees attributable to the preparation of attorneys' fees petitions was contrary to established Sixth Circuit precedent. [1]   [*Id.*, pp. 38–39]

The defendants have also objected to the Report and Recommendation.  [Record Nos. 415, 417, 419]  Mass Mutual contends that the magistrate judge improperly reduced the rates charged by its attorneys in determining the amount of fees to be awarded.  [Record No. 419, pp. 11–25]  It also asserts that it is entitled to recover its travel costs.  [*Id.*, pp. 26–29] Ackerman argues that the magistrate judge erred in characterizing Frost Brown Todd partner

---

1       The plaintiffs also object to issues which the Court has addressed upon multiple times.  These issues will not be specifically addressed as they have already been fully presented to the Court.

Medrith Norman as a partner, as opposed to a senior partner.   [Record No. 417, p. 3]
Additionally, Ackerman asks for an award of travel costs.   [*Id.*, p. 4]   Defendants QPS,
Chatfield, and Shea have objected to clerical errors in the hours the magistrate attributed to
attorneys Andrew Dorman and Lauren Lunsford and paralegal Angela Franklin.   [Record No.
415, p. 1]   Finally, each defendant objects to the magistrate judge's failure to address
additional attorneys' fees purportedly incurred after June 30, 2014, in connection with
briefing on the issue of attorneys' fees and unsuccessful appeals.[2]

### I.   Evidentiary Hearing

As a preliminary matter, the plaintiffs moved for an evidentiary hearing relating to the
amount of attorneys' fees.   [Record No. 400]   The magistrate judge denied the motion in his
Report and Recommendation.   [Record No. 414, p. 13]   The plaintiffs objected to the denial
on various grounds including financial hardship and the defendants' "billing practices."
[Record No. 416, p. 7–8]   "A hearing is required only where the district court cannot fairly
decide disputed questions of fact on the basis of affidavits and other documentation."   *Bldg.
Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392,
1402 (6th Cir. 1995).   The only issue presently for consideration is the amount of attorneys'
fees to be awarded.   After reviewing the affidavits and other documentation included in the
record, there are no facts or disputed matters which necessitate an evidentiary hearing.

### II.   Lodestar Amount

A district court has discretion in awarding attorneys' fees.   *Imwalle v. Reliance Med.
Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008).   Courts within the Sixth Circuit utilize the

---

[2]       Defendant Ackerman has also moved the Court for an award of these fees.   [Record No. 418]

"lodestar" method to determine the appropriate fee award to a prevailing party.  *Gradview Raceway*, 46 F.3d at 1401.  When calculating attorneys' fees awards, the Courts primary concern is the reasonableness of the fee.  A reasonable fee is "adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers."  *Adock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  Courts begin calculating a reasonable fee by determining the fee applicant's "lodestar," which is the "proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate."  *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir.  2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

###    A.    Reasonable Hourly Rate

The magistrate judge determined appropriate hourly rates for all defense counsel and staff in the following manner: (i) $273.00 for senior partners; (ii) $190.00 for partners with less experience; (iii) $160.00 for associates; (iv) $90.00 for paralegals; and (v) $65.00 for law clerks.  [Record No. 414, pp. 6–7]  Mass Mutual has objected to the hourly rates. [Record No. 419, pp. 11–24]  It instead requests hourly rates for partners ranging from $450–$280, associates rates from $210–$180, and paralegal rates from $155–$125.

The magistrate judge found that the highest amounts requested by Mass Mutual's counsel were "greater than necessary to obtain competent representation in matters of complex civil litigation."  [Record No. 414, p. 6]  In determining the applicable rate, the magistrate judge relied upon the affidavits of Barry Hunter of Frost Brown Todd, LLC (counsel for Ackerman), and Matthew Lockaby of Reminger Co., L.P.A. (counsel for QPS, Chatfield, and Shea).  However, Mass Mutual asserts that this evidence is inapplicable to

- 4 -

calculating the appropriate hourly rates for its counsel because of the nature of their retention.  It contends that the defense costs for Ackerman, QPS, Chatfield, and Shea were paid by their respective insurance companies, who had previously negotiated reduced hourly rates with their firms (Frost Brown Todd and Reminger).  Thus, Mass Mutual argues that the rates charged by counsel for these defendants were less than the prevailing market rate. [Record No. 419, p. 13–19]  Instead, they assert that the Court should rely upon the affidavit of attorney John W. Hays, which states that the rates charged by Mass Mutual's counsel were "reasonable and consistent with the fees charged in comparable complex commercial cases within the Eastern District of Kentucky."[3]  [Record No. 392-4, p. 5]

The rates requested by counsel provide the Court with a starting point from which it determines the appropriate market rate for "lawyers of comparable skill and experience . . . within the venue of the court of record."  *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).  Therefore, the appropriate rate does not necessarily correspond with the award sought by the particular counsel, but is determined by the market rate sufficient to advance the client's goals.  *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007).  Further, a district court is not required to adopt the attorneys' fees rates charged by the highest paid attorneys in town.  *See Maxwell's Pic-Pac, Inc. v. Dehner*, No. 3:11-CV-18-H, 2013 WL 1003692, at *3–5 (W.D. Ky. Mar. 13, 2013).

The Court concludes that the hourly rates determined by the magistrate judge, as applicable to counsel for Mass Mutual, do not adequately reflect the market rate for complex

---

3     Mass Mutual also argues that because the plaintiffs only challenged the hourly rates for lead counsel Barbara B. Edelman, they implicitly recognized that the other rates requested were reasonable. [Record No. 419, p. 14]

civil litigation cases in this venue.  In making this determination, the magistrate judge relied on the affidavits of Matthew Lockaby (Reminger) and Barry Hunter (Frost Brown Todd).  However, the affidavits stated that the hourly rates were reasonable "for similar engagements," alluding to the previously-negotiated rates between the subject insurance companies and the firms (Frost Brown Todd and Reminger) representing them.  [Record No. 414, p. 6]  The rates applicable to such engagements do not necessarily coincide with the market rate for lawyers.  As stated in John W. Hay's affidavit, the defense costs paid by insurance companies "were significantly less than the rates that lawyers of comparable skill and experience can reasonably expect to command in complex commercial cases within the Eastern District of Kentucky."  [Record No. 392-4, p. 4]

This case presented difficult legal and discovery issues.  Mass Mutual's counsel brought considerable knowledge and experience to the case, in which they were ultimately successful on the merits.  They did a majority of the work on the numerous joint motions filed on behalf of the defendants.  Further, unlike counsel for the other defendants, counsel for Mass Mutual did not previously negotiate limited hourly rates in connection with their representation.

The Court has considered the applicable evidence, the nature of the action, the expertise of the attorneys, and the favorable outcome achieved by the defendants.  Although the Court does not adopt the hourly rates recommended by the magistrate judge, based on the relevant information it also does not believe that Mass Mutual's counsel's requested rates correspond with the market rate.  Instead, hourly rates between the magistrate judge's recommendation and the requested rates are appropriate.  Senior partner Barbara Edelman

has over thirty years of experience, with a focus on complex civil litigation.  She will be awarded an hourly rate of $300.00.  Partner Angela Edwards has twenty years of experience in litigation, including ERISA claims.  She will be awarded an hourly rate of $230.00.  The experience of associates representing Mass Mutual varies, but the Court finds that an hourly rate of $180.00 is sufficient and appropriate.  Finally, paralegals representing Mass Mutual will be awarded a rate of $110.00 per hour.  Thus, Mass Mutual's objection will be sustained in part.

Defendant Ackerman objects to the hourly rate for Medrith Norman.  The magistrate judge determined the appropriate hourly rate for Barry Hunter to be $273.00 and for Medrith Norman to be $190.00, both partners at Frost Brown Todd.  [Record No. 414, p. 10] Ackerman argues that the hourly rate for Norman should be $273.00 as well.  [Record No. 417, p. 3]  As evidence, Ackerman asserts that $273.00 per hour is similar to what Frost Brown Todd charges for all partner time on insurance matters.  He further contends that John W. Hays' affidavit demonstrates that this amount is below the market rate for partner time in complex commercial litigation matters.  [*Id.*; Record No. 392-4, p. 4]

In determining the proper hourly rate for Norman, the information contained in the affidavit of Matthew Lockaby is instructive.  [Record No. 414, p. 6]  Lockaby stated that reasonable hourly rates for partners in similar engagements between insurance companies and firms are $190–200.  [Record No. 392-18, p. 1]  Further, the difference in experience between Hunter and Norman warrants the differing rates.  Barry Hunter has over 35 years of experience in this field.  In contrast, Norman has been practicing for less than 20 years.  Finally, all other partners with experience similar to Norman's were given an hourly rate of

$190.00.   Thus, the magistrate judge's hourly award of $190.00 for attorney Norman is reasonable.

### B.   Hours Reasonably Expended

A party asking for an award of fees is entitled to bill hours "reasonably expended." *Hensley*, 461 U.S. at 434.  However, they must "exercise billing judgment with respect to the hours worked" and exclude those fees which are "excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Id.* at 434, 437.  Attorneys who seek fees have an obligation to "maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended on the case."  *Imwalle*, 515 F.3d at 552.  Here, the defendants' billing statements document time billed beginning April 25, 2011, and ending June 30, 2014.  This period of time corresponds with the initial review of the Complaint by Frost Brown Todd on April 25, 2011, and the final billing day incorporated in the defendants' memorandum in support of an attorneys' fees award, June 30, 2014.[4]  The documentation is sufficient for the Court to determine the reasonable number of hours expended.

The magistrate judge awarded hours in following manner; (i) Mass Mutual (Dinsmore & Shohl) 3,704 hours: (ii) Ackerman (Frost Brown Todd) 1,705.2 hours; and (iii) QPS, Chatfield, and Shea (Reminger) 1,367.5 hours.  [Record No. 414, pp. 10–11]  The parties object to various parts of the number of hours designated by the magistrate judge.

---

4       There were a number of hours billed prior to June 30, 2014, in connection with appeals, which were not included in the initial fee request.

### 1.  Time Spent on Unsuccessful Claims

The magistrate judge determined that all of the hours requested by the defendants, from the beginning of the case through June 30, 2014, were reasonable considering the complexity of the issues and the favorable fact-based outcome achieved by the defendants. [Record No. 414, pp. 7–10]  The plaintiffs have objected to this determination.  [Record No. 416, pp. 15–19]  Specifically, they assert that hours billed by the defendants' attorneys are excessive, considering that the case was decided on statute of limitations grounds, and allege that the defendants delayed in moving for summary judgment on this issue.  As a result, the plaintiffs contend that the amount requested should be denied entirely or, in the alternative, limited to work done pursuing the statute of limitations issue.  [Record No. 416, pp. 12–18]

A party is not entitled to fees for work on unsuccessful claims that are sufficiently different from their successful claims.  *Imwalle*, 515 F.3d at 552.  The Supreme Court in *Hensley*, however, expressly forbid district courts from determining fees based on the success or failure of individual claims arising from a common core of facts or related legal concepts.  461 U.S. at 448; *cf. Déjà vu v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005) ("[A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised.").  Instead, the Sixth Circuit has found that such claims "should not be treated as distinct claims" for the purpose of calculating attorneys' fees, and "the cost of litigating the related claims should not be reduced."  *Thurman v. Yellow Freight Sys. Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996).

The plaintiffs' claims asserted a complex allegation of fraud requiring over two years of litigation.  The record currently consists of over four hundred docket entries, and is littered

- 9 -

with filings demonstrating the contentious manner in which the case has been litigated. Discovery was particularly challenging, consisting of facts and documents up to thirty years old and the depositions of numerous fact witnesses in various states. The Court does not find any justification for limiting the defendants' fee award in the manner requested by the plaintiffs. The numbers of hours devoted to litigating the case were reasonable considering the discovery challenges and motion practice. Further, although the statute of limitations proved decisive, the other claims involved were "based on a common core of facts [and] related legal theories" and should not be treated as distinct under these circumstances. *Id.* at 1169. Thus, the fee award should not be denied entirely, nor should it be limited to fees attributable to the statute of limitations issue.

The plaintiffs further argue that fees should not be awarded for any time spent on the case before the filing of the Amended Complaint on August 31, 2011. Prior to that date, no claims arising under ERISA had been asserted. [Record No. 416, pp. 17–18] The plaintiffs initially raised only state law claims of fraud, breach of fiduciary duty, and unjust enrichment. [Record No. 1] The defendants moved to dismiss the claims. [Record No. 19] The Court granted the motion, concluding that the state law claims of fraud and unjust enrichment claims were preempted by ERISA. [Record No. 28] However, the Court also granted the plaintiffs' motion for leave to file a verified Amended Complaint omitting the fraud and unjust enrichment claims, and clarifying that the breach of fiduciary duty claim was intended to be made under Section 404(a) of ERISA. [*Id.*; Record No. 30]

The defendants cannot be penalized for the pleading decisions of the plaintiffs. The time spent reacting to the initial Complaint and constructing arguments resulting in the

dismissal of the state law claims were essential to the litigation of the case.  Therefore, they were reasonably expended in the litigation process and are properly included in any fee award.

Finally, the plaintiffs object to the magistrate judge's recommendation that hours attributable to unsuccessful motions and depositions not used in the motion for summary judgment be awarded.  [Record No. 416, p. 18]  Specifically, the plaintiffs claim that the magistrate judge incorrectly awarded the defendants $127,073.00.  [Record No. 402-1, p. 1] After reviewing the billing entries, the Court finds that these fees were related to the litigation as a whole and should not be treated as distinct.  Thus, the magistrate judge properly recommended they be awarded.

### 2.  Mediation

The magistrate judge awarded fees in connection with mediation of the dispute.  He determined that fees devoted to the voluntary mediation were "part of actively and effectively litigating a case in civil cases practiced before the Court."  [Record No. 414, pp. 11–12]  The plaintiffs object to this finding and assert that the parties agreed to bear their own costs and expenses related to the mediation.  [Record No. 416, p. 38; Record No. 402, p. 38]  In response, the defendants assert that "[t]he parties agreed to split the cost of a mediator, but at no point agreed not to seek reimbursement for the costs of mediation." [Record No. 425, p. 27]

The Court agrees with the magistrate judge that the time spent by the defendants in preparation for mediation was not "unusual or extraordinary."  [Record No. 414, p. 12]  In fact, the plaintiffs admit as much in their objections to the Report and Recommendation by

stating that the amount requested in relation to the mediation is "not substantial" in relation to the total fee award.  [Record No. 416, p. 38]  Mediation is an effective and integral part of litigation in civil cases.  Further, the plaintiffs have failed to provide any evidence supporting an agreement between the parties to bear their own costs in relation to the mediation.  As a result, the Court finds that the defendants' hours attributable to mediation are reasonable and the objection is overruled.

### 3.   Objections Related to Hours Expended by Specific Counsel and Staff

Mass Mutual and the plaintiffs have objected to the total amount of hours included in the award to Mass Mutual.  [Record Nos. 416-1, p. 2; 419, p. 11]  The magistrate judge included all hours incurred by Mass Mutual's counsel through June 30, 2014.  However, the billing statements provided to the Court removed time entries in connection with appeals, which the magistrate judge included.  The Court finds that the magistrate judge incorrectly awarded those hours and will decrease the amount in accordance with the billing statements.[5] [*See* Record Nos. 392-15; 392-16; 392-17]

Further, QPS, Chatfield, and Shea have objected to the amount of hours the magistrate judge attributed to partner Andrew Dorman (Reminger).  Dorman was credited with 299.3 hours, when in fact he spent a total of only 118.9 hours on the case.  [Record No. 415, p. 1]  The Court has confirmed this error and will reduce hours attributed to Andrew Dorman by 180.4 and the total fee award by $34,276.00.  Also, the magistrate judge credited

---

[5]      The magistrate judge recommended Mass Mutual be awarded 3,704 hours.  After reviewing the billing statements, the Court finds that the number of hours attributable to Mass Mutual is 3,532.  This reduction is reflected in the chart pertaining to the number of hours awarded to Mass Mutual's counsel from Dinsmore & Shohl.

193.7 hours of paralegal work to Angela Franklin (Reminger).  However, review of the billing entries demonstrates that she only worked 111.1 total hours in connection with the case.  As a result, the total hours credited to Angela Franklin shall be reduced by 82.6 and the total fee award by $7,434.00.  Further, QPS, Chatfield, and Shea have objected to the characterization of the work done by attorney Lauren Lunsford (Reminger).  The magistrate judge credited 24.2 hours to Lunsford at the rate of a $65.00 per hour as a law clerk.  The defendants claim that 15 of those hours should have been calculated at an associate hourly rate of $160.00.  [*Id.*]  The Court has confirmed this as well and will increase the fee award applicable to Lunsford by $1,425.00.

Finally, the magistrate judge failed to consider time requested by Ackerman in connection with work done by paralegals Lara Drake, Mary Ann Cochran, and Audrey Blevins (Frost Brown Todd).  The Court has reviewed these time entries and found that they were reasonably expended.  Drake billed 12.4 hours, Cochran 10.6 hours, and Blevins 1.0 hours in connection with the case.  As a result, the hours reasonably expended by counsel for Ackerman will be increased by 24.0 and the total fee award by $2,160.00.

### 4.  Specificity of Time Entries

The plaintiffs object that many of the defendants' billing entries resulted in "double billing," entries were redacted in a manner impossible to review, and that hours spent on tasks which could have been completed by paralegals were done by attorneys.  [Record No. 416, pp. 19–25]  The plaintiffs provided itemized sheets to demonstrate these alleged errors. [Record No. 402-1]  The magistrate judge found that none of the billings were duplicative but did not specifically address the claims relating to redaction and misuse of attorney time.

- 13 -

Regarding the assertion of double billing, the magistrate judge concluded that the contested entries "represented[ed] tasks performed by two attorneys actively involved in the representation of a client" and that "considering the complex nature of this case, and the fact that the record reflects that even Plaintiffs had multiple attorneys appearing a [sic] depositions, the Court does not find error in this practice."  [Record No. 414, p. 11]  This Court agrees that the allegations of double billing are unsupported.  The case involved multiple defendants being represented by multiple law firms.  The litigation was contested at nearly every turn and involved numerous complex issues.  Further, having more than one attorney present in the instances contested by the plaintiffs can be valuable to the attorneys and increase efficiency during the litigation process.  *See Mikolajczyk v. Broadspire Servs., Inc.*, 499 F. Supp. 2d 958, 966 (N.D. Ohio 2007).  Thus, no reduction is appropriate for alleged double billing.

Concerning the redaction of time entries, the crucial requirement for an award of attorneys' fees is that "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation."  *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). Where documentation is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433.  Although counsel need not "record in great detail" each minute he or she spent on an item, the general subject matter should be identified.  *Imwalle*, 515 F.3d at 553.

- 14 -

The Sixth Circuit has upheld awards of attorneys' fees where entries made by counsel in billing records "were sufficient even if the description for each entry was not explicitly detailed." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005). Similarly, claimants meet their burden to provide detailed billing records where counsel provides "itemized statements describing the subject matter, the attorney, the time allotment, and the charge for all work done." *Anderson v. Wilson*, 357 F. Supp. 2d 991, 999 (E.D. Ky. 2005). Further, this court recently found that "[a] billing entry which states that the time billed was spent on 'Continued Research' is sufficiently descriptive when previous entries describe the subject of the research." *Laney v. Getty*, No. 5: 12-306-DCR, 2014 WL 5167528, *4 (E.D. Ky. Oct. 14, 2014). However, entries which "do not identify even a general subject matter of the tasks performed" are insufficient to sustain a fee award. *Id.* at *5.

The defendants' counsel submitted pages of itemized billing records detailing the work completed during the litigation of this case. For each entry, defendants' counsel included the date that the time was billed, the specific task completed, and the fractional hours billed. Taking into context the status of the litigation and the corresponding proceedings, nearly all of the billing entries sufficiently allow the Court to ascertain the tasks performed. However, there are three redacted entries which do not allow the general subject matter of the tasks performed to be determined. As a result, the time awarded to senior partner Barry Hunter (Frost Brown Todd) will be reduced by 2.00 hours, to partner Angela Edwards (Dismore & Shohl) will be reduced by 0.70 hours, and to paralegal Lorna Fulkerson (Dinsmore & Shohl) will be reduced by 1.5 hours. [*See* Record No. 392-2, p. 35; Record No. 392-15, p. 66; Record No. 392-17, pp. 31–32]

The plaintiffs also object that specific tasks performed by the defendants' attorneys should have been completed by paralegals.  [*See* 402-1, p. 10, 33]  The Court has reviewed the disputed billing entries and determined that the attorneys adequately utilized their time in connection with these tasks.  No hourly rate reduction is warranted for these entries.

### C.    Fees Incurred After June 30, 2014

On March 24, 2014, the defendants' motions for attorneys' fees were granted. [Record No. 372]  Pursuant to the Court Order, the matter was referred for a report and recommendation on the specific amount of fees to be awarded.  Subsequently, on June 23, 2014, the magistrate judge ordered the defendants to file a brief setting forth any evidence in support of its request for attorneys' fees.  [Record No. 391]  On July 7, 2014, the defendants complied with the Order and presented evidence of their fees through June 30, 2014. [Record No. 392]

The magistrate judge was presented with billing entries documenting the fees sustained through June 30, 2014, but did not comment on an award for subsequent fees. Defendant Ackerman has moved the Court for an award of fees incurred after June 30, 2014, and has provided time entries through October of 2014.   [Record Nos. 418; 418-4] Defendants Mass Mutual, QPS, Chatfield, and Shea have also requested fees in connection with this time period, but have done so through their objections to the magistrate judge's report and recommendation.  [Record Nos. 415, p. 4–5; 415-2; 419, pp. 26–28; 419-3]  The fees requested relate to litigation of the amount of fees to be awarded and successful defenses of appeals.

Before the Court is the determination of fees incurred pursuant to litigation of the merits of the case and the fees sustained in compliance with the Court's Order to award attorneys' fees. [Record No. 372] However, the Court has not, and does not intend to award the cost of litigating the amount of the fee award. Further, whether an award for fees in connection with appeals in the case is warranted is better addressed by the appellate court in which the appeal was taken.

Nevertheless, the hours spent through July 7, 2014, in connection with the Court's March 24, 2014 Order, are proper. As a result, the hours reasonably expended by Mass Mutual will be increased by 38.6, and the fee award by $8,204.00.[6] The hours for Ackerman will be increased by 15.0, and the fee award by $2,320.00.[7] Finally, the hours for QPS, Chatfield, and Shea will be increased by 5.8, and the fee award by $1,102.00.[8]

Taking into consideration the reasonable hourly rates and hours reasonably expended by defendants' counsel, the Court finds the following awards for attorneys' fees to be applicable:

| DINSMORE & SHOHL | Employee Status | Senior Partner Hours | Partner Hours | Associated Hours | Paralegal Hours | Law Clerk Hours |
|---|---|---|---|---|---|---|
| Barbara Edelman | Senior Partner | 833.2 | | | | |

6    The billing entries include: 7.8 hours by senior partner Barbara Edelman; 6.4 hours by partner Angela Edwards; and 24.4 hours by associate Haley McCauley. [Record No. 419-3, pp. 44–45]

7    The billing entries include 9.7 hours by partner Medrith Norman and 5.3 hours by paralegal Angela Horger. [Record No. 418-2, p. 2]

8    The billing entries include 5.8 hours attributed to partner Matthew Lockaby. [Record No. 415-2, pp. 2–4]

| Angela Edwards | Partner | | 1,024.9 | | | |
|---|---|---|---|---|---|---|
| Lisa D. Hughes | Associate | | | 34.4 | | |
| Haley McCauley | Associate | | | 1,313.6 | | |
| Sarah McKenna | Associate | | | 51.6 | | |
| Wendy N. Lucas | Paralegal | | | | 33.2 | |
| Lorna Fulkerson | Paralegal | | | | 225.5 | |
| Bradley Lambert | Paralegal | | | | 52 | |
| Total Hours | | 833.2 | 1,024.9 | 1,399.6 | 310.7 | 0.0 |
| Rate | | $300.00 | $230.00 | $180.00 | $110.00 | $65.00 |
| Total Amount | | $249,960.00 | $235,727.00 | $251,928.00 | $34,177.00 | $0.00 |

Thus, the amount of fees awarded to Mass Mutual is $771,792.00.

| FROST BROWN TODD | Employee Status | Senior Partner Hours | Partner Hours | Associate Hours | Paralegal Hours | Law Clerk Hours |
|---|---|---|---|---|---|---|
| Barry Hunter | Senior Partner | 522.3 | | | | |
| Joseph Dehner | Partner | | 1.3 | | | |
| Deborah Tudor | Partner | | 3.4 | | | |
| David Walulik | Partner | | 0.9 | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Medrith Norman | Partner | | 898.3 | | | |
| Kathryn Kendrick | Partner | | 2.5 | | | |
| Mark Flores | Associate | | | 50.3 | | |
| Rebekah Ballard | Associate | | | 74.8 | | |
| Sally Spielvogel | Associate | | | 1.2 | | |
| Angela Horger | Paralegal | | | | 163.2 | |
| Lara Drake | Paralegal | | | | 12.4 | |
| Mary Ann Cochran | Paralegal | | | | 10.6 | |
| Audrey Blevins | Paralegal | | | | 1.0 | |
| Total Hours | | 522.3 | 906.4 | 126.3 | 187.2 | 0.0 |
| Rate | | $273.00 | $190.00 | $160.00 | $90.00 | $65.00 |
| Total Amount | | $142,587.90 | $172,216.00 | $20,208.00 | $16,848.00 | $0.00 |

Therefore, the amount of fees awarded to Ackerman is $351,859.90.

| REMINGER | Employee Status | Senior Partner Hours | Partner Hours | Associate Hours | Paralegal Hours | Law Clerk Hours |
|---|---|---|---|---|---|---|
| Andrew Dorman | Partner | | 118.9 | | | |
| Matthew Lockaby | Partner/ Associate | | 310.1 | 440.0 | | |
| Michael Mahon | Associate | | | 5.4 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Angela Franklin | Paralegal | | | | 111.1 | |
| Michelle Tock | Paralegal | | | | 2.0 | |
| Amanda Woolridge | Paralegal | | | | 1.2 | |
| Lauren Lunsford | L. Clerk/ Associate | | | 15.0 | | 9.2 |
| Nathan Lennon | L. Clerk | | | | | 8.0 |
| Ian Loos | L. Clerk | | | | | 89.4 |
| Total Hours | | 0.0 | 429.0 | 460.4 | 114.3 | 106.6 |
| Rate | | $273.00 | $190.00 | $160.00 | $90.00 | $65.00 |
| Total Amount | | $0.0 | $81,510.00 | $73,664.00 | $10,287.00 | $6,929.00 |

Accordingly, the amount of fees awarded to QPS, Chatfield, and Shea is $172,390.00.

### D.  Time Spent on Attorneys' Fees Calculation

The plaintiffs object to the amount of fees awarded for time spent working in connection with the fee award.  [Record No. 416, p. 38]  The magistrate judge awarded these fees, but did not explicitly consider fees in the recommended disposition.  The Sixth Circuit has held that "a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over."  *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986).  Absent unusual circumstances, "the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial."  *Id.*  The plaintiffs assert that the request at

- 20 -

bar constitutes more than nine percent of the total fees and should be limited to three percent. [Record No. 402-1, p. 1]

There are no unusual circumstances present in this case. It is clear from the billing statements that the defendants spent a substantial amount of time researching and preparing matters in connection with the award of attorneys' fees. Defendant Ackerman provided the Court with documentation compiling the number of hours spent by each attorney in connection with the fee award. [Record No. 417-3] After including those hours attributable to the fee award after June 30, 2014, Ackerman's counsel incurred $25,446.90 in connection with the Court's award of fees. Thus, the fee award for Ackerman in connection with recovering fees is $9, 792.39.[9]

However, defendants Mass Mutual, QPS, Chatfield, and Shea failed to provide the Court with any documentation related to the amount of fees incurred in connection with the fee award. Instead, they provided the Court with billing statements without any discernible way to calculate the number of hours reasonably expended or the reasonable hourly rates in connection with the fee award, other than for the Court itself to determine the amounts line by line. This is not the role of the Court. As a result, the plaintiffs' objection will be sustained and the total award of fees for these defendants will be reduced by ten percent.[10]

---

[9]     The Court included hours related to recovery of the fees in the original calculations. Thus, after implementing the three percent cap, the fee for Ackerman is reduced to $336,205.39. ($351,859.90 – $25,466.90 = $326,413.00. $326,413.00 x 3% = $9,792.39. $326,413.00 + $9,797.39 = $336,205.39).

[10]     Thus, the total fee award for Mass Mutual will be reduced to $694,612.80. ($771,792.00 x 10% = $77,179.2. $771,792.00 – $77,179.2 = $694,612.80). The total fee award for QPS, Chatfield, and Shea will be reduced to $155,151.00. ($172,390.00 x 10% = $17,239.00. $172,390.00 – $17,239.00 = $155,151.00).

### E.  Travel Costs

Mass Mutual and Ackerman object to the magistrate judge's finding that they should not be awarded travel costs.  [Record Nos. 417, p. 4; 419, pp. 28–29]  Travel costs may be reimbursed as part of an award for attorneys' fees, unless they have already been included as part of compensable hours.  *Thompson v. Quorum Health Res., LLC*, No. 1: 06-CV-168, 2010 WL 2044542, at *6 (W.D. Ky. May 21, 2010).  The magistrate judge recommended travel costs be awarded to defendants QPS, Chatfield, and Shea noting that their counsel (Reminger) "submit[ted] a succinct itemization of travel related expenses incurred by counsel necessary to their representation.  In addition, the invoices for Reminger reflect[ed] that travel related expenses were not factored into their compensable hourly rates, as Reminger's client paid half the full rate for attorney hours spent in travel."  [Record No. 414, p. 12]  In contrast, the magistrate judge found that Mass Mutual and Ackerman

> failed to submit satisfactory evidence sufficient to allow the Court to calculate a reasonable award.  Those itemizations submitted by Dismore and Shohl and Frost Brown Todd contain expenses such as deposition fees, photocopy expenses, postage, and other matters previously exhaustively briefed, addressed and either awarded or denied by the Court.

[*Id.*]

The Court agrees that Defendants Mass Mutual and Ackerman should not be awarded travel costs.  Neither party reduced the compensable hourly rates for their attorneys during hours spent traveling.  Further, although both parties compiled summaries of their travel costs, which were not presented to the magistrate judge, they still included matters

previously considered by the Court.[11]   [Record Nos. 417-1; 419-4]   Thus, the objections are overruled.

### III.   Conclusion

The magistrate judge properly concluded that an evidentiary hearing is not required to determine the amount of the fee award.   The hourly rates recommended were reasonable as applied to defendants Ackerman, QPS, Chatfield, and Shea.   However, the hourly rates applicable to Mass Mutual did not reflect the market rate for lawyers in complex civil litigation matters and have been adjusted.   The reasonable hours expended have been revised to include reductions for various overcharges included in the magistrate judge's Report and Recommendation, instances of improper redactions, and to include hours after June 30, 2014, incurred in compliance with the Court's Order of attorneys' fees.   Further, the plaintiffs' objection to the amount of fees awarded in connection with recovery of the fee award was sustained.   As a result, the total award applicable for each defendant is as follows: (i) Mass Mutual $694,612.80;  (ii) Ackerman $336,205.39;  and (iii) QPS, Chatfield, and Shea $155,151.00.   Further, no award of travel costs is warranted for Defendants Mass Mutual or Ackerman.   Accordingly, it is hereby

**ORDERED** as follows:

1.   The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 414] is **ACCEPTED** and **ADOPTED IN PART** and **REJECTED IN PART** as set forth above.

---

11   Mass Mutual also requested travel rates in connection with litigation from July 1, 2014 through October 31, 2014.   [Record No. 419, p. 29–30]   These travel costs will be denied as well.

2.      The plaintiffs' objections to the magistrate judge's Report and Recommendation [Record No. 416] are **OVERRULED IN PART** as set forth above.

3.      The defendants' objections to the magistrate judge's Report and Recommendation [Record Nos. 415, 417, 419] are **OVERRULED IN PART** as set forth above.

4.      The plaintiffs' motion for an evidentiary hearing [Record No. 400] is **DENIED**.

5.      Defendant Ackerman's motion for further attorneys' fees [Record No. 418] is **GRANTED**, in part, and **DENIED**, in part.

This 16th day of January, 2015.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

- 24 -