UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DUBLIN EYE ASSOCIATES, P.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 11-128-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MASSACHUSETTS MUTUAL LIFE | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiffs Dublin Eye Associates, P.C. ("DEA"), Dr. Roger D. Smith, and Dr. James Y. Jones' motion to stay the enforcement of the Judgment pending appeal and waive supersedeas bond. [Record No. 433] As discussed more fully below, the motion is not well taken and will be denied.

**I.**

On July 12, 2013, summary judgment was granted in favor of Defendants Massachusetts Mutual Life Insurance Company ("Mass Mutual"), Thomas Ackerman, Qualified Plan Services, Inc. ("QPS"), Catherine Chatfield, , and Kimberly Shea. [Record Nos. 352, 353] Thereafter, on March 24, 2014, the defendants' motions for attorneys' fees [Record Nos. 358, 359] were granted and the matter was referred to United States Magistrate Judge Edward B. Atkins for issuance of a Report and Recommendation regarding the specific amount of fees to be awarded. [Record No. 372] The Court adopted, in part, and rejected, in part, the Report and Recommendation. On January 20, 2015, the Court awarded

attorneys' fees in the following amounts: (1) Defendant Mass Mutual ($694,612.80); (2) Defendant Ackerman ($336,205.39); and (3) Defendants QPS, Chatfield, and Shea ($155,151.00 and $5,830.80 for travel).[1] [Record Nos. 429, 430] The plaintiffs appealed the Court's rulings regarding the award of attorneys' fees on February 13, 2015. [Record No. 431]

The plaintiffs now seek to stay enforcement of the Judgment pending appeal and requests a waiver of the supersedeas bond requirement. [Record No. 433] They first assert that Plaintiffs Dr. Roger D. Smith and Dr. James Y. Jones have prosecuted this case on behalf of the DEA Pension Plan in their official capacity as trustees and cannot be held individually responsible for the Judgment. [Record No. 433-1, pp. 4–5] Further, they argue that a waiver of the supersedeas bond should be granted because DEA does not have the financial ability to post the bond and that requiring them to do so would put their other creditors in undue jeopardy. [*Id.*, pp. 5–6] Conversely, the defendants contend that the plaintiffs are jointly and severally liable for the Judgment and that there are no extraordinary circumstances that would justify waiving the bond requirement. [Record No. 435]

## II.

Federal Rule of Civil Procedure 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

---

1   The January 16, 2015 Judgment [Record No. 429] was amended to include an award of travel expenses in the amount of $5,830.80 to Defendants QPS, Chatfield, and Shea. [Record No. 430]

FED. R. CIV. P. 62(d). "The purpose of [Rule 62(d)] . . . is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009) (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997).

> For the appellee, Rule 62(d) effectively deprives him of his right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. The supersedeas bond protects the non-appealing party from the risk of a later uncollectible judgment and also provides compensation for those injuries which can be said to be the natural and proximate result of the stay. Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellees right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required.

*Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) (citations and internal quotation marks omitted).

Pursuant to Rule 62(d), a party that files a supersedeas bond is entitled to a stay of a money judgment as a matter of right. *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). However, "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Id.* (internal quotation marks omitted). Thus, a district court may, "in its discretion, modify or even waive the full bond requirement." *Hamlin*, 181 F.R.D. at 353.

Although courts may waive the bond requirement, "[t]he Sixth Circuit has not defined a specific test to guide the Court's discretion when considering whether to grant an unsecured stay." *Buckhorn Inc. v. Orbis Corp.*, No. 3: 08-cv-459, 2014 WL 4377811, at *1

(S.D. Ohio Sept. 3, 2014). In the absence of appellate guidance, district courts within the Sixth Circuit have required a party seeking waiver to demonstrate "extraordinary circumstances." *See, e.g.*, *Pucci v. Somers*, 834 F. Supp. 2d 690, 706–07 (E.D. Mich. 2011); *Hamlin*, 181 F.R.D. at 353. "[E]xtraordinary circumstances" include "a showing by the appellant that his 'ability to pay the judgment is so plain that the cost of the bond would be a waste of money,' or that the bond requirement 'would put [appellant's] other creditors in undue jeopardy.'" *Lim v. Terumo Corp.*, No. 11-cv-12983, 2014 WL 2051219, at *2 (E.D. Mich. May 19, 2014) (quoting *Hamlin*, 181 F.R.D. at 353). The party seeking waiver has the burden "to objectively demonstrate the reasons" for the waiver. *Hamlin*, 181 F.R.D. at 353.

### III.

#### A. Liability

The plaintiffs' Response to the defendants' motion for attorneys' fees stated:

[u]nlike the Defendants who refuse to give even one inch, the Plaintiffs concede that the Court would likely find that they do have the ability to pay an award. Drs. Jones and Smith, the current and former Trustees of the DEA Plan, have worked extremely hard and have been fortunate to accumulate savings. They have been forced to tap into their savings . . . to finance this litigation which was undertaken in order to recoup money on behalf of the DEA Plan and its participants. While it seems inherently (and doubly) unfair to saddle them not just with their own legal fees but also those of the Defendants, this [*King*] factor does not allow such consideration. Importantly, though, the mere fact that the Plaintiffs can technically afford to pay fees does not justify an award when none of the other [*King*] factors points in that direction.

[Record No. 363, p. 12]

The plaintiffs' current motion asserts that Drs. Smith and Jones are not personally liable for satisfying the Judgment or posting a supersedeas bond.[2] [Record No. 433-1, pp. 4–5] Conversely, the defendants contend that the plaintiffs are jointly and severally liable. [Record No. 435, pp. 8–14] The Court finds that the plaintiffs are jointly and severally liable for the Judgment.

As an initial matter, the plaintiffs' argument that Drs. Smith and Jones cannot be held personally liable is a far cry from prior briefing in the case. As the above quoted language demonstrates, along with other statements made by the plaintiffs throughout litigation of the attorneys' fees issue, the plaintiffs have continually stated their belief that Drs. Smith and Jones are personally liable for an award of attorneys' fees. [*See* Record Nos. 399, pp. 26–27; 416, pp. 30–32] In fact, the plaintiffs requested an evidentiary hearing to allow Drs. Smith and Jones to "testify regarding their financial condition" to satisfy an award of attorneys' fees. [Record No. 399, p. 26] The plaintiffs' about-face since being confronted with the final Judgment, although not surprising, is not well received.[3]

Under ERISA's fee-shifting statute, trustees have been found personally liable for prosecuting claims in bad faith. *See Haberern v. Kaupp Vascular Surgeons, Ltd.*, Civ. A. No. 88-1853, 1994 WL 449123, at *3 (E.D. Pa. Aug. 16, 1994). Also, courts have stated that

---

2    It is conceded that Plaintiff Dublin Eye Associates, P.C., is liable in the case. [Record Nos. 433-1, pp. 5–7; 437]

3    Not only did the plaintiffs revise their position regarding personal liability, they also changed their representation of Drs. Smith and Jones' ability to pay an award. As shown earlier, the plaintiffs originally stated that Drs. Smith and Jones were personally liable and would be able to satisfy an award of attorneys' fees. [Record No. 363, p. 12] Thereafter, they stated that even though they were personally liable, the Drs.' assets were insufficient to sustain paying for such an award. [Record Nos. 399, pp. 26–27; 416, pp. 30–32]

trustees may be personally liable under fee-shifting statutes where they are personally at fault for damages sustained. In *Biltmore Assocs., LLC v. Twin City Fire Ins. Co*, 572 F.3d 663 (9th Cir. 2009), the Ninth Circuit found that trustees are normally not personally liable for liabilities incurred while acting as a trust representative. However, it recognized that personal liability is proper in the context of fee-shifting as a result of trustee misconduct. *Id.* at 676–77; *see also Ford v. N.Y. Cent. Teamsters Pension Fund*, 506 F. Supp. 180, 183 (W.D.N.Y. 1980) (stating that in the context of ERISA fee-shifting, attorneys' fees award would have been assessed against individual trustees had there been a showing of culpability for damages sustained).

Here, the Court's opinion granting the defendants attorneys' fees demonstrates that Drs. Smith and Jones are personally culpable for the fees award. In determining that an award of fees was warranted, the Court discussed their degree of bad faith, stating:

> [Drs. Smith and Jones] admitted they were willfully ignorant of their obligations as Trustees and of the Plan investments. According to their own testimony, they did not read documents provided for their files, nor did they read what they signed. . . . The Trustees had an obligation and a duty to the Plan participants to see that the transgressions alleged did not occur, much less persist for years. . . . [Drs. Smith and Jones] failed to exercise any diligence, much less reasonable diligence, in their roles as Trustees.

[Record No. 372, p. 8] This Court also found that they had pursued obviously time-barred claims and did so with "unnecessary sound and fury" making the defendants' substantial fees understandable. [*Id.*, pp. 8–9] Further, the Court determined that awarding attorneys' fees would deter other trustees from pursuing untimely claims and utilizing "abusive litigation tactics." [*Id.*, p. 10] Such an effect can only be accomplished by holding the plaintiffs

individually liable.[4]   Thus, Drs. Jones and Smith were determined to be personally responsible for the damages sustained in the action subjecting them up to personal liability. Additionally, in concluding that an award of attorneys' fees was warranted, the Court relied upon the plaintiffs' concession that Drs. Smith and Jones had the ability to pay an award. [*Id.*]  The plaintiffs' current argument further highlights a continuing course of deceptive conduct in this litigation.

Furthermore, the plaintiffs' argument that Dr. Smith cannot be personally liable because he brought the claim on behalf of the Plan participants is not supported by standing. Under 29 U.S.C. § 1132(a), a civil action may be brought by a participant, beneficiary, fiduciary, or the Secretary of Labor.  The plaintiffs' Amended Complaint asserts that Dr. Smith had standing to bring his claim as a "former Trustee of the Plan." [Record No. 67, p. 2]  However, a former trustee does not have ERISA standing. *See Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 14 (2d Cir. 1991); *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 904–05 (N.D. Ohio 2003).  Dr. Smith was last a trustee of the Plan in 1999, approximately twelve years prior to filing this action. [Record No. 67, p. 2] Therefore, his only avenue for bringing suit was as a Plan participant.  Because Dr. Smith can only be properly before the Court as a participant, he cannot assert that he is not personally liable as a result of bringing the case in a representative capacity.

---

4    The Court also rejected the plaintiffs' contention that plaintiff-trustees would generally be deterred from vexatious litigation by the absence of personal gain because Drs. Smith and Jones were participants in the Plan and could have achieved personal gain had their claims been successful. [Record No. 372, pp. 10–11]

### B. Waiver of Bond Requirement

The plaintiffs also contend that the extraordinary circumstances of this case warrant the granting of an unsecured stay. The basis for this argument is that DEA lacks the funds to satisfy the Judgment. Specifically, they assert that requiring a bond to be posted would put other creditors in undue jeopardy, force DEA to file for bankruptcy or shut down its practice, and that the defendants have not demonstrated that they would be harmed by a stay. [Record No. 437 pp. 12–15] To demonstrate "extraordinary circumstances" justifying a waiver, the moving party must demonstrate objective reasons for such action. *Hamlin*, 181 F.R.D. at 353. As stated above, however, the plaintiffs' contentions that they now lack funds with which to satisfy the Judgment is not well taken as they have already informed the Court otherwise. [Record No. 363, p. 12 ("[T]he Plaintiffs concede that the Court would likely find that they do have the ability to pay an award.")] However, regardless of the plaintiffs' litigation tactics, a waiver of the supersedeas bond is not appropriate under Rule 62(d).

Initially, the plaintiffs' arguments assume that Drs. Smith and Jones are not personally liable for the award of attorneys' fees and that their assets could not be considered when determining whether a waiver of the supersedeas bond is warranted. However, as noted above, Drs. Smith and Jones are personally liable for the Judgment. They have previously provided the Court with financial information. [*See* Record Nos. 399-3; 399-4; 416, pp. 30–32; 435-1; 435-2] Therefore, the Court considers the plaintiffs' arguments in light of their earlier briefing on the assets attributable to Drs. Smith and Jones. The Court finds that a waiver of the supersedeas bond is not warranted.

The plaintiffs also contend that requiring a full supersedeas bond would put other creditors in undue jeopardy. To obtain a waiver on these grounds, the plaintiffs must provide objective evidence substantiating their claim. *Hamlin*, 181 F.R.D. at 353. In support, the plaintiffs have provided a sworn affidavit from Dr. Jones regarding the financial state of DEA. [Record No. 433-2] The affidavit asserts that DEA has been struggling to meet its financial obligations, provides a list of its recurring expenses, and states that DEA would not have sufficient funds to pay its bills and creditors if required to pay the supersedeas bond. [*Id.*] However, the affidavit does not provide any information regarding DEA's actual revenues and it fails to identify the creditors who would be placed in undue jeopardy absent a waiver of the bond requirement. Further, Drs. Smith and Jones have provided drastically different pictures of their financial position. [*Compare* Record Nos. 435-1, 435-2 (deposition testimony from August 2012, stating that Dr. Jones' approximate worth was $12 million and Dr. Smith's net worth was $8 million), *with* Record Nos. 399-3, 399-4 (affidavits identifying personal expenses and creditors, without identifying their net worth, concluding that Dr. Smith and Dr. Jones are unable to pay the defendants' legal fees). However, the most recent affidavits which assert that the plaintiffs do not have the ability to pay the Judgment, do not include any supportive financial documentation, do not comment on either doctor's net worth, and do not specify the creditors who would be put in undue jeopardy as a result of the bond requirement.[5] Further, the plaintiffs have not provided any evidence regarding the amount required to obtain a supersedeas bond in this case. Thus, the plaintiffs

---

5   The plaintiffs have admitted to paying their own counsel over $2 million throughout this litigation.

have not demonstrated through objective evidence that their other creditors would be put in undue jeopardy.

The plaintiffs further argue that requiring a bond, in light of their current financial hardships, would force them into bankruptcy. [Record Nos. 399-3, p. 3; 399-4, p. 4; 433-2, p. 3] However, as stated previously, the plaintiffs have not provided adequate information for the Court to draw such a conclusion. Further, assuming that this were true, waiving a bond on this basis "is exactly the type of injury against which a supersedeas bond is designed to protect—the possibility that a judgment may later be uncollectible." *Valley Nat'l Gas, Inc. v. Marihugh*, No. 07-11675, 2008 WL 4601032, at *2 (E.D. Mich. Oct. 14, 2008); *see also Bank v. Byrd*, No. 10-02004, 2012 WL 5384162, at *3 (W.D. Tenn. Nov. 1, 2012) (finding that the possibility of bankruptcy did not qualify as an "extraordinary circumstance" under Rule 62(d)).

Finally, the plaintiffs argue that a bond should not be required because a stay is likely to only last a few months and the defendants, as "a multi-billion dollar company," will not be harmed by such action. [Record No. 437, p. 15] But this argument is directly contrary to the dual purpose of Rule 62(d). Rule 62(d) requires the appellant "to post the bond to provide both insurance and compensation to the appellee." *Hamlin*, 181 F.R.D. at 351. A bond is required "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980). The expected length of the stay and the defendants' financial status are not valid considerations under a Rule 62(d) analysis and provide no insight into the plaintiffs' ability to satisfy the

Judgment. *See Menovcik v. BASF Corp.*, No. 09-12096, 2012 WL 5471867, at *2 (E.D. Mich. Nov. 9, 2012). Thus, the plaintiffs have not demonstrated "extraordinary circumstances" sufficient to demonstrate that the Court, in its discretion, should waive the requirement of a supersedeas bond.

### IV.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' motion to stay the enforcement of the Court's January 20, 2015 Judgment pending appeal and waive supersedeas bond [Record No. 433] is **DENIED**.

This 13th day of April, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge