UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DUblin EYE ASSOCIATES, P.C., et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 11-128-DCR |
| ) | |
| V. ) | |
| ) | |
| MASSACHUSETTS MUTUAL LIFE ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendants Massachusetts Mutual Life Insurance Company ("Mass Mutual"), Thomas Ackerman, Qualified Plan Services, Inc. ("QPS"), Catherine Chatfield, and Kimberly Shea's motion for leave to register the Court's January 20, 2015 Judgment[1] in the United States District Court for the Southern District of Georgia. [Record No. 436] For the reasons discussed below, the defendants' motion will be granted.

**I.**

On July 12, 2013, summary judgment was entered in favor of the defendants. [Record Nos. 352, 353] Subsequently, on March 24, 2014, the defendants' motions for attorneys' fees [Record Nos. 358, 359] were granted and the matter was referred for a report and recommendation regarding the specific amount of fees to be awarded. [Record No. 372]

---

1   The Court's January 20, 2015 Judgment [Record No. 430] amended the January 16, 2015 Judgment [Record No. 429] to include an award of travel expenses in the amount of $5,830.80 to Defendants QPS, Chatfield, and Shea.

- 1 -

The Court adopted, in part, and rejected, in part, the Report and Recommendation. On January 20, 2015, the defendants were awarded attorneys' fees in the following amounts: (1) Defendant Mass Mutual the amount of $694,612.80; (2) Defendant Ackerman the amount of $336,205.39; and (3) Defendants QPS, Chatfield, and Shea the amount of $155,151.00 and $5,830.80 for travel. [Record Nos. 428; 429; 430] On February 13, 2015, Plaintiffs Dublin Eye Associates, P.C. ("DEA"), Dr. Roger D. Smith, and Dr. James Y. Jones appealed these rulings. [Record No. 431] Thereafter, the Court denied the plaintiffs' motion to stay the enforcement of the Court's Judgment pending appeal and waive superseadeas bond, and determined that the plaintiffs are jointly and severally liable for the Judgment.[2] [Record No. 439]

Because the plaintiffs have not filed a supersedeas bond to stay enforcement of the Judgment pending appeal, the defendants now seek leave to register the Judgment in the United States District Court for the Southern District of Georgia. [Record No. 436] They assert that good cause exists for registering the Judgment in Georgia because "they have shown that the majority, if not all, of the Plaintiffs' assets are located in Georgia." [Record No. 466, p. 3] However, the plaintiffs contend that such action is not permissible because the defendants have not demonstrated good cause, any such action would be futile, and the equities underlying ERISA do not support such action. [Record No. 439]

---

2  The plaintiffs have also appealed the Court's decision regarding the liability of Drs. Smith and Jones. [Record No. 465]

**I.**

A judgment is enforceable fourteen days after it is entered under Federal Rule of Civil Procedure 62(a). Pending appeal, the judgment is "only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order," upon a showing of good cause under 28 U.S.C. § 1963. *Citizens Bank v. Parnes*, No. 08-14656, 2009 WL 2044263, at *1 (E.D. Mich. July 9, 2009) (internal quotations omitted). Section 1963 states:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963.

Although "good cause" is not defined in section 1963, "'the courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum.'" *Parnes*, 2009 WL 2044263, at *2 (quoting *Dyll v. Adams*, No. 3:91-CV-2734D, 1998 WL 60541 (N.D. Tex. Feb. 6, 1998)); *accord*, *Columbia Pictures Television Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197–98 (9th Cir. 2001); *Jack Frost Labs., Inc. v. Physician & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997). Further, the commentary to section 1963 states that courts may permit registration for good cause where there is a showing that the plaintiffs plan to move property to avoid the judgment, or even by simply showing that there is "substantial property in the other district and insufficient

[property] in the rendering district to satisfy the judgment." David D. Siegel, Commentary on 1988 Revision, 28 U.S.C. § 1963.

## II.

The defendants have demonstrated that there are insufficient assets in the Commonwealth of Kentucky to satisfy the Judgment. They have established that DEA's ophthalmology practice is not located in Kentucky and that neither Dr. Smith nor Dr. Jones is a resident.[3] Additionally, the plaintiffs have admitted as much in briefing the issue by stating that the defendants "are correct in their assertion that the Plaintiffs do not have substantial assets in Kentucky."[4] [Record No. 438, p. 4]

As outlined above, good cause may be demonstrated by a showing that there is "substantial property in the other district" and insufficient property in the deciding district. DEA's ophthalmology practice and principal place of business are in Georgia. And although the plaintiffs assert that DEA does not have substantial assets sufficient to satisfy the Judgment, the most recent affidavits regarding DEA's financial status provide no information regarding actual revenues. Further, these assertions directly conflict with prior statements made to the Court. [*See* Record No. 363, p. 12 ("[T]he Plaintiffs concede that the Court would likely find that they do have the ability to pay an [attorneys' fees] award.")]

---

[3] The defendants have issued garnishments to LPL Financial LLC ("LPL") in Kentucky because it appears that the plaintiffs may have some assets in investment accounts with LPL that can be executed upon in this jurisdiction. [Record No. 466, p. 3, n.1] However, it is apparent that any investment accounts with LPL are insufficient to satisfy the Judgment.

[4] When making this argument, the plaintiffs' assumed that Drs. Smith and Jones were not liable for the Judgment. [*See* Record No. 438] However, the plaintiffs have previously argued that Drs. Smith and Jones do not have the ability to pay any Judgment award if found liable. [Record Nos. 399-3; 399-4] Further, Drs. Smith and Jones, in their motion for a protective order, stated that "they do not own property . . . and none of their assets are located in [Kentucky]." [Record No. 467-1, p. 4]

Moreover, the defendants have provided information supporting that Drs. Smith and Jones, both residents of Georgia, have substantial assets in Georgia to satisfy the Judgment.[5]

The plaintiffs argument that filing the Judgment in Georgia would be futile pursuant to Federal Rule of Civil Procedure 62(f) is not convincing. [Record No. 438, pp. 6–7] Rule 62(f) states that a federal court must grant a stay "when a judgment is a lien on the judgment debtor's property under the law of the state where the court is located." FED. R. CIV. P. 62(f). The plaintiffs assert that pursuant to Georgia law they are entitled to an automatic stay of the Judgment. They cite *Dekalb Cnty. Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371 (N.D. Ga. 2006), for this proposition. In *Dekalb*, the court granted a stay pursuant to GA. CODE ANN. § 9-11-62(d), which provides for an automatic stay and waiver of the supersedeas bond requirement for state agencies. 445 F. Supp. 2d at 1376–77. However, it did not find that Georgia law requires an automatic stay of execution of a judgment in all cases.[6]

Additionally, in *Bennett v. Hendrix*, No. 1:00-CV-2520-TWT, 2007 WL 2668134 (N.D. Ga. Sept. 5, 2007), the defendant's motion to stay execution of judgment and for relief from posting supersedeas bond under Rule 62(f) was denied. In doing so, the court denied three separate statutory bases asserted under Georgia law for the stay and concluded that the defendant had "failed to provide the Court with a reason to depart from [the] usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment." *Bennett*, 2007 WL 2668134, at *2 (quotations omitted). Similarly, here,

---

5     These assets include the recent sale of a large piece of real estates by Dr. Jones for over $3,500,000.00. [Record No. 435-4]

6     The plaintiffs also cite *White v. Phillips*, 88 F.R.D. 263 (N.D. Ga. 1980). However, in *White* the judgment debtor did not seek a stay of execution whatsoever or provide support under Georgia law that an automatic stay would have been required. 88 F.R.D. at 264.

the plaintiffs have not identified any statutory basis under Georgia law which requires an automatic stay under the circumstances presented. As a result, the plaintiffs have failed to demonstrate that registering the Judgment in Georgia would be futile.[7]

The plaintiffs also contend that the equitable considerations underlying the ERISA statute weigh against a finding of good cause. [Record No. 438, pp. 7–8] They have continually recycled this argument in briefing various issues since the Court granted the defendants' motions for attorneys' fees but to no avail. [*See* Record Nos. 382, 399, 416, 467] The Court has again considered this argument and finds that the equitable considerations under ERISA do not weigh against a finding of good cause under 28 U.S.C. § 1963. Finally, the plaintiffs assert that the motion should be denied because they are seeking a stay of the execution of the Judgment from the United States Court of Appeals for the Sixth Circuit. [Record No. 467-1, p. 2] However, this Court has already determined that a stay is not appropriate [*See* Record No. 439], and further delay in enforcing the Court's Judgment is not warranted.

### III.

For the foregoing reasons, good cause exists under 28 U.S.C. § 1963 for registration of the judgment in Georgia. Accordingly, it is hereby

**ORDERED** that the defendants' motion for leave to register Judgment in the United States District Court for the Southern District of Georgia [Record No. 436] is **GRANTED**.

---

[7] The plaintiffs have also failed to provide any support for the proposition that futility is a relevant consideration in determining whether good cause exists under 28 U.S.C. § 1963.

This 7th day of May, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge