UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DUblin EYE ASSOCIATES, P.C., et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 11-128-DCR |
| ) | |
| V. ) | |
| ) | |
| MASSACHUSETTS MUTUAL LIFE ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiffs Dr. Roger D. Smith and Dr. James Y. Jones' motion for a protective order resulting from discovery requests served upon them by Defendants Massachusetts Mutual Life Insurance Company ("Mass Mutual"), Thomas Ackerman, Qualified Plan Services, Inc. ("QPS"), Catherine Chatfield, and Kimberly Shea. [Record No. 467] For the reasons discussed below, the Court will deny the plaintiffs' motion.

**I.**

On July 12, 2013, summary judgment was granted in favor of the defendants. [Record Nos. 352, 353] Thereafter, on March 24, 2014, the defendants' motions for attorneys' fees [Record Nos. 358, 359] were granted and the matter was referred for a report and recommendation regarding the specific amount of fees to be awarded. [Record No. 372] The Court adopted, in part, and rejected, in part, the Report and Recommendation. On

January 20, 2015, the defendants were awarded attorneys' fees in the following manner: (1) Defendant Mass Mutual the amount of $694,612.80; (2) Defendant Ackerman the amount of $336,205.39; and (3) Defendants QPS, Chatfield, and Shea the amount of $155,151.00 and $5,830.80 for travel. [Record Nos. 428, 429, 430] Thereafter, the Court denied the plaintiffs' motion to stay the enforcement of the Court's Judgment pending appeal and waive superseadeas bond, and determined that the plaintiffs are jointly and severally liable for the Judgment. [Record No. 439]

Plaintiffs Dr. Smith and Dr. Jones now seek a protective order from discovery requests served upon them by the defendants which seek personal financial information. They first contend that the Court does not have personal jurisdiction over them and state that they are only appearing as third parties to the action. Additionally, they argue that the defendants' discovery requests are premature, overbroad, and unduly burdensome.

## II.

### A. Personal Jurisdiction

Drs. Smith and Jones initially assert that they are before the court only in their representative capacities as Trustees of the Plan and that the Court has no basis to assert personal jurisdiction over them.[1] [Record No. 467-1, p. 4] In a suit based on diversity jurisdiction, personal jurisdiction is determined by the law of the forum-state. Under Kentucky law, the Court need only examine whether the assertion of personal jurisdiction

---

1   Drs. Smith and Jones contend that they are appearing before the Court for the limited purpose of challenging personal jurisdiction.

- 2 -

violates constitutional due process. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996). This requires a showing of sufficient "minimum contacts" with the forum state "'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2002) (quoting *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Those minimum contacts are measured by conduct and connection with the forum state—the Court must ultimately analyze whether those contacts are such that the party should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There must be "purposeful[] avail[ment] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Drs. Smith and Jones assert that they do not have "minimum contacts" with Kentucky because they reside in Georgia, and do not have business dealings or assets in Kentucky. [Record No. 467-1, p. 4] However, Drs. Smith and Jones chose to bring this action in this Commonwealth. In awarding attorneys' fees to the defendants, the Court determined that Drs. Smith and Jones were personally responsible for the damages sustained in the action as a result of their bad faith actions prior to and during litigation. [Record No. 372, pp. 8–10] Thus, it was the personal actions of Drs. Smith and Jones in their individual, not their purported representative capacities, which the Court determined resulted in bad

faith supporting an award of attorneys' fees against them under ERISA's fee-shifting provision. Therefore, the Court has personal jurisdiction over Drs. Smith and Jones.[2]

### B. Post-Judgment Discovery

Federal Rule of Civil Procedure 69 governs the procedure for enforcing a judgment and permits a "judgment creditor . . . [to] obtain discovery from any person—including the judgment debtor—as provided in [the Federal] [R]ules." FED. R. CIV. P. 69(a)(2). Under the Federal Rules, the "scope of postjudgment discovery is very broad." *United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (citations omitted). In fact, a judgment "creditor is entitled to utilize the full panoply of federal discovery measures provided for under federal and state law to obtain information from parties and non-parties alike, including information about assets on which execution can issue or about assets that have been fraudulently transferred." *Andrews v. Raphaelson*, No. 5: 09-CV-077-JBC, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009) (internal quotations omitted).

Drs. Smith and Jones assert that the discovery requests are premature, unduly burdensome, and overbroad under Rule 69.[3] [Record No. 467-1, pp. 6–7] They contend that the requests are premature because the defendants "have not yet attempted to execute the

---

2    Dr. Smith brought the case as a "former Trustee of the Plan." [*See* Record No. 67, p. 2] However, as the Court has previously noted, former trustees do not have standing under ERISA. [Record No. 439, p. 7]; *See Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 14 (2d Cir. 1991); *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 904–05 (N.D. Ohio 2003). As such, Dr. Smith could only properly be before the Court in his individual capacity as a participant of the Plan. Additionally, the Court has previously stated that both Drs. Smith and Jones were "participants in the plan and could achieve personal gain by recouping damages." [Record No. 372, p. 10]

3    Drs. Smith and Jones do not provide objections to particular discovery requests. Instead, they make overarching claims relating to the requests as a whole. As a result, the Court will not discuss each request individually.

Judgment as against the assets of Judgment Debtor DEA" and have "no justifiable basis for seeking discovery from third parties such as the Doctors." [*Id.*, p. 6] However, as stated earlier, Drs. Smith and Jones are jointly and severally liable for the attorneys' fees award. Thus, the defendants' discovery requests are not premature.

Further, Drs. Smith and Jones argue that the discovery requests are overbroad and unduly burdensome. Specifically, they assert that under Rule 69 "the Doctors . . . can only be compelled to respond in so far as the Discovery Requests are narrowly tailored to discover information regarding the finances and assets of the Judgment Debtor DEA." [*Id.*, p. 7] Drs. Smith and Jones continue to proceed as if the Court's prior rulings never occurred. As stated earlier, the Court previously determined that they are jointly and severally liable for the attorneys' fees award. Therefore, discovery requests regarding the personal finances of Drs. Smith and Jones are proper under the Court's Judgment.

Finally, they claim that the time periods of the requests are improper. "The scope of discovery is . . . within the broad discretion of the trial court." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The discovery requests seek information reaching back as far as five years from the date of service, although most seek discovery of activities dating back to 2011. [Record Nos. 467-1; 467-2; 467-3] The plaintiffs contend that any information sought prior to the award of attorneys' fees in August 2013, is irrelevant. However, this argument is also unpersuasive. The litigation at hand was filed in April 2011, and involves actions occurring over fifteen years ago. The discovery requests would provide the defendants with an understanding of the plaintiffs' financial standing which is needed in

moving forward to collect on the Judgment. Discovery requests dating back as far as five years are not improper under the circumstances of this case. This is especially so in light of the conflicting information provided to the Court regarding the assets of all plaintiffs involved. As previously recognized by the Court, the plaintiffs' have radically revised the financial pictures of DEA, Dr. Smith, and Dr. Jones throughout the litigation of this case.[4] [Record No. 439, p. 9] Clarity regarding the plaintiffs' financial conditions is needed moving forward.

### III.

For the reasons discussed above, it is hereby

**ORDERED** that Drs. Smith and Jones' motion for a protective order [Record No. 467] is **DENIED**.

This 7th day of May, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[4] The plaintiffs initially represented to the Court that all plaintiffs were personally liable for the attorneys' fees award and that the plaintiffs were able to pay an award of attorneys' fees. [Record No. 363, p. 12] Since these statements, they have claimed that DEA does not have assets with which to pay the award, that Drs. Smith and Jones are not liable for the award, and that Drs. Smith and Jones do not have sufficient personal assets to pay the award if found personally liable. [*See* Record No. 439, pp. 4–9.]